UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PRO BONO INVESTMENTS, INC.,

              Plaintiff,                  03 Civ. 4347 (JGK)

                                          OPINION AND ORDER

      - against -

CHRISTINA GREEN GERRY, and ABRAHAM
GOLDNER and JOAN FISHER, Executors of
the Estate of Judith H. Green,

              Defendants.
_____

CHRISTINA GREEN GERRY, and ABRAHAM
GOLDNER and JOAN FISHER, Executors of
the Estate of Judith H. Green,

              Counterclaim
              Plaintiffs,

      - against -

PRO BONO INVESTMENTS, INC.; PRO BONO,
LLC, LAWRENCE BISHOP; JOHN DOCKERY;
BISHOP & CO.; FAITH COBGER; RICHARD
CONGER; GRAY SEIFERT & CO., LLC,
f/k/a GRAY, SEIFERT & CO., INC.;
and LEGG MASON,

              Counterclaim
              Defendants.
_____

JOHN G. KOELTL, District Judge:

     Pro Bono Investments, Inc. ("Pro Bono") now moves for

sanctions against the defendants, Joan Fisher, Abraham Goldner,

the Executors of the Estate of Judith H. Green, Christina Green

Gerry, and the defendants' attorneys, Engel & McCarney LLP. Pro
Bono requests sanctions pursuant to Federal Rules of Civil
Procedure 6, 11, 16, 26, and 37; 28 U.S.C. § 1927, and the
inherent power of the Court.

## I.

The Court has issued two Opinions and Orders arising from
the present action containing the factual and procedural history
of this case, which is not recounted here. This motion concerns
Pro Bono's allegations that seven categories of abuse were
carried out by the defendants, through their attorneys at the
law firm of Engel & McCarney, in connection with this
litigation. Pro Bono alleges that the defendants: (1) engaged
in continuous abuse of the discovery process; (2) failed to
serve on the plaintiff a copy of a subpoena on Milbank Tweed
Hadley & McCloy ("Milbank") for legal records of the principals
of Bishop & Co. and lied to Milbank counsel concerning the
urgency of their response to a discovery cutoff; (3) questioned
a deposition witness, Gary D. Yanker ("Yanker"), out of the
presence of counsel after the conclusion of Yanker's deposition
in order to obtain a court record that was subsequently sealed;
(4) refused to comply with the plaintiff's discovery request for
the address and phone number of a witness; (5) ignored the
deadlines for filing and serving briefs set out by the Court;
(6) made misrepresentations to the Court about the plaintiff's

acquiescence to an extension of time for a filing deadline; and (7) filed meritless counterclaims in violation of Rule 11.  The Court addresses each of Pro Bono's allegations in turn.

**A.**

Pro Bono seeks attorneys' fees and expenses pursuant to Rule 37, complaining of dilatory and oppressive discovery by the defendants, including the allegation that over forty subpoenas were served on third parties.[1]  The plaintiff argues that the Court was asked to enforce discovery obligations at conferences on November 3, 2003, December 17, 2003, April 13, 2004, and October 6, 2004, and alleges that the defendants delayed the deposition of Lawrence Bishop.  According to Pro Bono, the defendants proceeded with Bishop's deposition and the deposition of Christina Green Gerry only after a Court order.

Pro Bono's motion pursuant to Rule 37 is denied.  By its terms, Rule 37 requires a meet-and-confer conference and authorizes sanctions only after a motion is granted or discovery is made after a motion is filed.  See Fed. R. Civ. P. 37(a)(2)(B) (motion must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to

---

[1]  The defendants respond that, in fact, thirty-two non-party witnesses were actually subpoenaed in connection with the Pro Bono and Goldner actions. (See Decl. of Patrick S. Kennedy dated Mar. 25, 2005 ¶ 4 (amending Decl. of Thomas E. Engel ("Engel Decl.") dated Mar. 3, 2005 ¶ 3 & Ex. 1 attached thereto).)

secure the information or material without court action."); Fed.
R. Civ. P. 37(a)(4)(A) (authorizing sanctions "[i]f the motion
is granted or if the disclosure or requested discovery is
provided after the motion was filed"); Local Rule 37.2; see also
Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D.N.Y.
1997) (Rule 37 motion denied where it "violated the meet-and-
confer requirements of the Federal Rules of Civil Procedure, the
Local Rules, and this Court's Individual Practice Rules.")  In
this case, although there are complaints regarding various
discovery disputes, there is no allegation that the meet-and-
confer requirement was satisfied and no allegation that a Rule
37 motion was previously granted or that discovery was only
produced after such a motion was filed.  There is no outstanding
discovery and Pro Bono has not submitted any certification or
statement that it has attempted to resolve any discovery
disputes in good faith.  Moreover, there is no basis to conclude
that the number of subpoenas issued to third parties was
unreasonable.  Accordingly, sanctions against the defendants
pursuant to Rule 37 are not warranted.

Pro Bono also argues that the defendants have acted in bad
faith to prolong these proceedings and seeks sanctions pursuant
to 28 U.S.C. § 1927, which prohibits the abuse of court
processes and sanctions attorneys for acting in bad faith.  28
U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To impose sanctions under Section 1927, a court must find "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Agee v. Paramount Communic'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997); see also MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 73 F.3d 1253, 1261 (2d Cir. 1996) (stating that § 1927 requires a showing of subjective bad faith). "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986).

In narrowly defined circumstances, federal courts also have inherent power to assess attorneys' fees. Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991). A court must exercise "restraint and discretion" when invoking its inherent power. Id. at 44. The Court of Appeals for the Second Circuit has set out two different circumstances under which a district court may assess attorney's fees against counsel pursuant to its inherent authority. First, "[w]hen a district court invokes its inherent power to impose attorney's fees or to punish behavior by an

attorney in the actions that led to the lawsuit or conduct of the litigation, which actions are taken on behalf of a client, the district court must make an explicit finding of bad faith." United States v. Seltzer, 227 F.3d 36, 41-42 (2d Cir. 2000) (internal quotation marks and citations omitted). Second, "when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." Id. at 42.

It cannot be said that there was bad faith multiplication of proceedings or that the defendants' litigation strategy was calculated to delay these proceedings. There is an insufficient basis for concluding that defense counsel's conduct was unreasonable and vexatious. Similarly, there is no basis to invoke the Court's inherent power to sanction defense counsel because the plaintiff has not pointed to any violation of a court order or other misconduct that would warrant sanctions. Accordingly, the plaintiff's request for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power are denied.

**B.**

Pro Bono alleges that, on December 12, 2003, the defendants allegedly served a second notice of deposition on Milbank

regarding work product and privileged attorney-client communications between Milbank attorneys and the principals of Bishop & Co., Faith and Richard Conger. The answer date on the subpoena was set for December 16, 2003, four days after service. Pro Bono alleges that, when a Milbank attorney objected to the answer date, an Engel & McCarney attorney represented that there was an impending discovery cutoff and a hearing before the Court scheduled on December 17, 2003. The plaintiff notes that the discovery cutoff was actually March 5, 2004.[2] Pro Bono further complains that it was not served with a copy of the Milbank subpoena until after the December 17, 2003 hearing before this Court, and that Engel & McCarney failed to inform Milbank that the hearing was scheduled in response to Pro Bono's motion to quash numerous third party subpoenas, which included the Milbank subpoena. The defendants respond that the Certificate of Service attached to the Milbank subpoena indicates that Pro Bono's counsel was timely served by first class mail on December 11, 2003, the same day that the subpoena was served on Milbank. The defendants also note that a letter from the plaintiff's attorney dated December 16, 2003 makes no mention of improper service and that the claim was raised for the first time on this motion. According to the defendants, the return date of the

---

[2] The defendants have not responded to the plaintiff's allegation concerning this misstatement.

Milbank, the plaintiff's attorney sent a letter application for a protective order on the return date, and Milbank objected to the subpoena, in part, on that basis. Defense counsel has indicated that, in any event, no responsive documents were ever produced by Milbank.

Although Engel & McCarney has not answered the plaintiff's allegation that the firm misrepresented the discovery cutoff in conversations with a Milbank attorney, it is plain that the plaintiff did make a motion for a protective order. Milbank also eventually represented that it had no responsive documents. Under these circumstances, the plaintiff was not harmed by the alleged misrepresentation or failure of service. Accordingly, there is no basis for sanctions in connection with the Milbank subpoena.

## C.

Pro Bono alleges that Thomas Engel, an attorney at Engel & McCarney, approached the witness Gary D. Yanker in a restroom several days after Yanker's deposition and questioned him about a record that Judge Griesa subsequently sealed by Order entered February 25, 2004. Pro Bono argues that the conversation unjustly broadened the scope of this action by questioning Yanker after the conclusion of his deposition. Pro Bono argues that Engel knew that Yanker was represented by counsel and was therefore required to obtain the consent of counsel before

questioning Yanker pursuant to ABA Model Rule of Professional Conduct 4.2 and the New York Code of Professional Responsibility, 22 N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.35(a)(1) (2005).

The defendants contend that the conversation at issue did not deal with the merits of the case, and note that Yanker is counsel of record for the counter-defendants Faith and Richard Conger in this action. At the time of the alleged infraction, Yanker was also counsel of record for Pro Bono and had participated in settlement discussions with defense counsel. (Engel Decl. ¶ 7.) There is no evidence that there was anything improper with Engel's communication with Yanker as another attorney of record in this action and the alleged conversation does not appear to constitute an unauthorized communication with a represented witness. The purpose of the disciplinary rule prohibiting a lawyer from communicating with a represented party is to "preserve the proper functioning of the attorney-client relationship." See Gidatex v. Capaniello Imports, Ltd., 82 F. Supp. 2d 119, 122 (S.D.N.Y. 1999) (internal quotation omitted). Under these circumstances, defense counsel did not intrude upon Yanker's attorney-client privilege or attempt to use superior legal knowledge to take advantage of Yanker as a party witness.

**D.**

Pro Bono alleges that the defendants have failed to comply with Federal Rule of Civil Procedure 26, the ABA Model Rule of Professional Conduct 3.4, Disciplinary Rule 7-102 of the ABA Code of Professional Responsibility, and the New York Code of Professional Responsibility, 22 N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.33, 1200.40(b) (2005), in connection with the plaintiff's discovery requests for the phone number and address of Green's former assistant, Marina Lakner ("Lakner").

On December 18, 2003, Abraham Goldner testified that the Estate had withheld a $30,000 distribution to Lakner that was provided for in Green's will. The plaintiff suggests that the executors of Green's Estate delayed this $30,000 distribution to Lakner under Green's will, presumably to influence Lakner's testimony in this action. As a result of Goldner's deposition, Pro Bono requested all correspondence with Lakner. Engel & McCarney allegedly failed to produce any correspondence and declined to provide Lakner's address and telephone information. Pro Bono requested this information again in February 2004 and Engel & McCarney allegedly referred Pro Bono to an incorrect address in probate records. Pro Bono also complains that defense counsel allegedly arranged to represent Lakner, that Lakner's attorney allegedly refused to accept a subpoena on Lakner's behalf, and required Pro Bono to make an additional written request for Lakner's address. There was allegedly no

reply to this request until after March 9, 2004, when Pro Bono sent the Court a letter seeking an order to compel discovery.

The defendants respond that Goldner testified at his deposition that Lakner lived in Westchester County, and that the address listed in the probate court file that was originally provided may or may not have been current. Engel & McCarney claims that the firm subsequently produced a second address for Lakner on March 1, 2004, the same day that Goldner forwarded this information to the firm. Defense counsel also asserts that it did not give Lakner any advice other than to secure counsel and that the statements contained in letters by Pro Bono's counsel on this issue are insufficient to meet Pro Bono's burden on the present motion.

The declaration by Abraham Goldner makes clear that the decision to withhold payment to Lakner was made solely by Goldner and the defendant Joan Fisher. (<u>See</u> Decl. of Abraham B. Goldner dated Mar. 23, 2005 ("Goldner Decl.") ¶¶ 3-4.) Goldner's declaration was entirely consistent with his deposition testimony, which indicates that the Estate could not project how much would be available for distribution in this case and, as a result, no payment in excess of $5,000 would be made. (<u>Compare</u> Deposition of Abraham B. Goldner dated at Jan. 31, 2005 at 39, attached to Decl. of Barbara Lowe dated April 4, 2005, <u>with</u> Goldner Decl. ¶ 3.) Goldner testified that he made

the decision to withhold the bequest to Lakner, in part, because
of the need to resolve claims asserted against the Estate.
Goldner has also indicated that he made the decision regarding
the bequest without any advice from Engel & McCarney, and before
the firm had been retained as special litigation counsel. (See
Goldner Decl. ¶ 4.) Goldner notes that Engel & McCarney was
retained for the purpose of handling the disputed claims and
related state court litigations, and has never served as counsel
with respect to the administration of the Estate. (Id. ¶ 2.)
Under these circumstances, the plaintiff is not entitled to any
sanctions.

**E.**

Pro Bono alleges that Engel & McCarney has repeatedly
failed to file and serve documents in a timely manner and is
therefore subject to sanctions for violations of Federal Rule of
Civil Procedure 6(b)(2), which provides that, the Court may
extend the time for filing and "upon motion made after the
expiration of the specified period permit the act to be done
where the failure to act was the result of excusable neglect."
Fed. R. Civ. P. 6(b)(2). Specifically, the plaintiff claims
that the firm twice failed to respond timely to a motion for
summary judgment. Pro Bono seeks the rejection of the
defendants' untimely responsive papers and requests that the
Court deem all facts alleged by Pro Bono as admitted. The

defendants respond that they have either complied with service deadlines or filed timely requests with this Court for extensions. In this case, although the Court has repeatedly granted extensions and also noted that the defendants were in default for their failure to file their response according to schedule (see Tr. dated Oct 6, 2004 at 6), there is no record of complaints that would justify the imposition of sanctions against the defendants. Compare with Copeland v. Rosen, 194 F.R.D. 127 (S.D.N.Y. 2000).

**F.**

Pro Bono also seeks sanctions pursuant to Rule 11 because of a September 15, 2004 letter by James C. McCarney to the Court which indicated that Pro Bono's counsel had agreed to the defendants' request to extend the time to file a response to the pending motions to dismiss and motion for summary judgment. Engel & McCarney acknowledged that Pro Bono's counsel had not agreed to extend time at the conference before the Court on October 6, 2004. However, Pro Bono requests reasonable expenses and attorney's fees based on the unnecessary delay and expense allegedly connected with the misrepresentation.

No sanctions are warranted. McCarney, the lawyer who wrote the letter, acknowledged that he made a mistake, and he apologized to the plaintiff's counsel and the Court at the October 6, 2004 conference. (See Ex. 6 attached to Engel Decl.)

Pro Bono's counsel was copied on the letter in which the defendants requested the extension of time and which contained the misrepresentation. Accordingly, it is unlikely that the misrepresentation was deliberate. The letter was careless and the Court appropriately chastised McCarney at the conference. (See Tr. dated Oct. 6, 2004 at 5-6.) There was no harm to the plaintiff and the incident does not warrant sanctions.

## G.

Pro Bono seeks costs and attorneys' fees due to the allegedly broad and oppressive filings by the defendants' counterclaims asserted in March 2004. Pro Bono argues that these counterclaims were frivolous, without any basis in law or fact in violation of Rule 11. Lawrence Bishop and Richard and Faith Conger also move for sanctions pursuant to Federal Rule of Civil Procedure 11 and § 21D of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b), based on the counter-plaintiffs' allegedly frivolous fraud claims pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.[3]  See Gurary v. Nu-Tech Bio-Med, Inc.,

---

[3] Pro Bono also moved for sanctions under the PSLRA when it moved to dismiss the original counterclaims and notes that sanctions are sought in connection with that motion as well as the motion to dismiss the amended counterclaims.
     The PSLRA requires that:
          In any private action arising under this chapter, upon
          final adjudication of the action, the court shall
          include in the record specific findings regarding

303 F.3d 212, 215 (2d Cir. 2002); <u>Burekovitch v. Hertz</u>, No. 01
Civ. 1277, 2001 WL 984942, at *12-*13 (E.D.N.Y. July 24, 2001).

These motions pursuant to the PSLRA were premature because,
at the time they were made, there had been no "final
adjudication" of this action.  <u>See</u> <u>Louros v. Kreicas</u>, No. 03
Civ. 1514, 2003 WL 22353979, at *2 (S.D.N.Y. Oct. 15, 2003);
<u>Blaser v. Bessemer Trust Co., N.A.</u>, No. 01 Civ. 11599, 2002 WL
31359015, at *3-*4 (S.D.N.Y. Oct. 21, 2002).  Accordingly, the
counter-defendants' motions for sanctions pursuant to the PSLRA
are denied without prejudice to renewal.

Moreover, the requests by Bishop and the Congers for
sanctions under Rule 11 should have been made by separate motion
rather than included with each party's motion to dismiss the
amended counterclaims.  Rule 11(c)(1) requires that a party make
a separate motion for Rule 11 sanctions rather than including it
in another motion or request.  <u>See</u> Fed. R. Civ. P. 11(c)(1)(A).
In any event, none of the counter-defendants' assertions with
respect to their Rule 11 motions were supported by an affidavit.

---

compliance by each party and each attorney representing
any party with each requirement of Rule 11(b) of the
Federal Rules of Civil Procedure as to any complaint,
responsive pleading, or dispositive motion.
15 U.S.C. § 78u-4(c)(1).

## CONCLUSION

For the reasons explained above, Pro Bono's motion for sanctions is **denied**. The counter-defendants' motions for sanctions pursuant to Rule 11 are **denied without prejudice to renewal**.

SO ORDERED.

Dated: New York, New York
       September 3O, 2005

John G. Koeltl
United States District Judge