USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRO BONO INVESTMENTS, INC.,

        Plaintiff,

- against -

CHRISTINA GREEN GERRY, and ABRAHAM
GOLDNER and JOAN FISHER, Executors of
the Estate of Judith H. Green,

        Defendants.

---

CHRISTINA GREEN GERRY, and ABRAHAM
GOLDNER and JOAN FISHER, Executors of
the Estate of Judith H. Green,

        Counterclaim
        Plaintiffs,

- against -

PRO BONO INVESTMENTS, INC.; PRO BONO,
LLC; LAWRENCE BISHOP; JOHN DOCKERY;
BISHOP & CO.; FAITH CONGER; THE ESTATE
OF RICHARD CONGER; GRAY SEIFERT & CO.,
LLC, f/k/a GRAY, SEIFERT & CO., INC.;
and LEGG MASON, INC.,

        Counterclaim
        Defendants.

03 Civ. 4347 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff moves for reconsideration of this Court's decision rendered from the bench on June 2, 2008, to the extent that it found that the defendants had not waived the benefit of New York's dead man's statute by introducing certain evidence in connection with the pre-trial motions in this case.

The plaintiff's motion for reconsideration is **denied**. The plaintiff has failed to point to any controlling issues of law or fact that the Court in fact overlooked. While the plaintiff disagrees with the Court's decision, that is not a basis for reconsideration. See, e.g., Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); Walsh v. McGee, 918 F.Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

The plaintiff alleges that the Court failed to consider positions that the Court carefully evaluated and rejected. The fact that Federal Rule of Civil Procedure 56(e) requires exclusion of evidence on summary judgment motions which the dead man's statute would exclude at trial is a separate issue from whether submitting such evidence in connection with a motion for summary judgment effectuates a waiver of the benefit of the dead man's statute through trial. The New York Court of Appeals has stated that the "rule, that the [dead man's statute] may not be asserted or waived until trial, is dictated by the very language of the New York statute." Phillips, 291 N.E.2d at 132. The plaintiff has not cited any controlling cases that would dictate a different conclusion than that reached by the Court.

Pursuant to Local Civil Rule 6.3, the Court finds that the plaintiff's motion for reconsideration is without merit and the motion is **denied**.

SO ORDERED.

Dated: New York, New York
June 9, 2008

_____
John G. Koeltl
United States District Judge